UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANNY JOE BARBER, III,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>KITSAP COUNTY SHERIFF'S DEPARTMENT,<br><br>　　　　　　　Defendant. | CASE NO. 3:24-cv-05863-KKE-GJL<br><br>ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND |

Plaintiff Danny Joe Barber, III, proceeding *pro se* and *in forma pauperis*, filed this civil rights actions pursuant to 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Proposed Complaint (Dkt. 4-1) under 28 U.S.C. § 1915A, the Court declines to serve the Complaint, but grants Plaintiff leave to amend his Complaint, if possible, to correct the deficiencies identified herein.

I.     BACKGROUND

Plaintiff, a pretrial detainee currently incarcerated at Kitsap County Jail, initiated this civil rights action alleging a violation of his constitutional rights for destroying evidence "pertinent to my custodial release." Dkt. 4-1 at 5. Plaintiff names the Kitsap County Sheriff's

1 | Department as the sole Defendant. *Id*. at 2. As relief, Plaintiff seeks dismissal of his criminal
2 | case in Kitsap County Superior Court. *Id*. at 5.

## II. DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998). Dismissal on these grounds counts as a "strike" under 28 U.S.C. § 1915(g).

Having reviewed the Complaint, the Court notes the following deficiencies.

### A. Failure to State a Claim

To sustain a 42 U.S.C. § 1983 claim, a plaintiff must show that he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009). Moreover, a plaintiff in a § 1983 action must allege facts that show how an individually named defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

   Here, Plaintiff's allegations are mere conclusory assertions. Plaintiff cites a timeframe and alludes to situations or events in which his civil rights were allegedly violated, but gives no details as to the violation(s). *See* Dkt. 4-1 at 5. To that point, Plaintiff states that a sheriff "destroyed evidence pertinent to my custodial release," but provides no further facts or information. *Id*. Additionally, that sheriff is not named as a defendant, and it appears the Kitsap County Sheriff's Department is only mentioned to the extent that Plaintiff states his claim arose while he was incarcerated at the County's Jail. *See id*.

   If Plaintiff chooses to file an amended complaint, he must set forth specific, plausible facts to support each of his claims. He must explain how those facts support a violation of his constitutional rights and specify when, where, and how any individual defendant personally participated in causing his alleged injuries. Plaintiff must also ensure that any amended complaint is a concise and organized document. *See* Fed. R. Civ. P. 8(a)(2) and (d)(1) (a complaint must provide a "short and plain statement of the claim" and "[e]ach allegation must be simple, concise, and direct.").

**B.  Improper Defendant**

   Plaintiff names the Kitsap County Sheriff's Department as a Defendant in this action. Dkt. 5-1. Sheriff's offices in Washington state are not "persons" subject to suit under § 1983. *See Hordon v. Kitsap Cnty. Sheriff's Off.*, No. 3:20-cv-05464-RJB, 2020 WL 4286769, at *2 (W.D. Wash. July 27, 2020) (citing *Wright v. Clark Cnty. Sheriff's Off.*, No. 3:15-cv-05887-BHS-JRC, 2016 WL 1643988, at *2 (W.D. Wash. Apr. 26, 2016); *Van Velkinburgh v. Wulick*, No. 3:07-cv-05050-FDB, 2008 WL 2242470, at *1 (W.D. Wash. May 29, 2008); *Bradford v. City of Seattle*, 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008)). The Kitsap County Sheriff's Department is therefore not a proper defendant here.

Further, a municipality or other local governmental unit, such as a county or city, may be sued as a "person" under § 1983. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–94 (1978). But a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id.* A plaintiff seeking to impose § 1983 liability on a municipality must therefore identify a "policy" or "custom" of the municipality that caused the alleged injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

Here, to the extent Plaintiff may be seeking to hold Kitsap County liable, he has not identified a policy or custom responsible for his alleged injuries. To pursue a claim against Kitsap County or any other municipality, he must identify a specific policy or custom practiced by that municipality and explain how its application to him violated one or more of his federal constitutional rights.

**C.   Additional Deficiencies**

Because of the lack of specificity in the Complaint, the Court cannot ascertain whether there may be additional deficiencies here, such as an issue arising under the doctrines set forth in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) and *Younger v. Harris*, 401 U.S. 37 (1971). If Plaintiff chooses to submit an amended complaint, he must provide sufficient facts for the Court to properly assess what actions allegedly violated Plaintiff's constitutional rights, who took those actions, when those actions were taken, and how they violated his rights.

//

//

### III. CONCLUSION

Because of the deficiencies described above, the Court declines to serve the Complaint or to direct that an answer be filed. Plaintiff is, however, granted leave to amend his Complaint, if possible, to correct the identified deficiencies. Within **thirty (30) days** from the date of this Order, Plaintiff may submit an amended complaint that corrects the deficiencies outlined above. The amended complaint must be filed under the same case number as this one, and will operate as a complete substitute for, rather than a mere supplement to, the present complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). **If no amended complaint is timely filed, or if Plaintiff files an amended complaint that fails to correct the deficiencies identified herein, the Court may recommend that this matter be dismissed.**

The Clerk is directed to send a copy of this Court's prisoner civil rights complaint form to Plaintiff, as well as copies of this Order to Plaintiff and to the Honorable Kymberly K. Evanson.

Dated this 5th day of December, 2024.

Grady J. Leupold
United States Magistrate Judge