1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

DANNY JOE BARBER, III,

11

Plaintiff,

v.

12

COUNTY OF KITSAP, *et al.*,

13

Defendants.

CASE NO. 3:24-cv-05863-KKE-GJL

ORDER DECLINING TO SERVE
COMPLAINT AND GRANTING
SECOND LEAVE TO AMEND

14

15    This matter is before the Court on referral from the District Court and on the filing of an

16    Amended Complaint by Plaintiff Danny Joe Barber, III. Dkt. 7. The Court screened Plaintiff's

17    original Complaint under 28 U.S.C. § 1915A, identified deficiencies in the Complaint, and

18    directed Plaintiff to file an amended complaint curing the deficiencies. Dkt. 6. On January 6,

19    2025, Plaintiff filed an Amended Complaint. Dkt. 7.

20    The Court has reviewed Plaintiff's Amended Complaint and finds that the Amended

21    Complaint remains deficient. However, the Court will **GRANT** Plaintiff **leave to amend** his

22    Amended Complaint, if possible, to correct the deficiencies identified herein. The Court warns,

23

24

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING SECOND LEAVE TO AMEND - 1

1    however, that should Plaintiff fail to cure the deficiencies identified herein with a Second

2    Amended Complaint, the Court **may recommend DISMISSAL** of this action.

### I.    BACKGROUND

4        Plaintiff, a pretrial detainee currently incarcerated at Kitsap County Jail, initiated this

5    civil rights action alleging violations of his constitutional rights by Kitsap County Sheriff's

6    Officers while in custody. Dkt. 7 at 5–6. Plaintiff's Amended Complaint alleges that, from June

7    1, 2024, to December 31, 2024, Plaintiff filed numerous grievances against Kitsap County

8    Sheriff's Officers for civil rights violations, as well as numerous requests to speak with various

9    government entities "regarding sensitive documents [he] was going to turn into the U.S. military

10   prior to my wrongful incarceration." *Id*. at 6. Plaintiff names Kitsap County and the State of

11   Washington as Defendants. *Id*. at 3. As relief, Plaintiff seeks $1,000,000 for each violation of his

12   civil rights. *Id*. at 7.

### II.    DISCUSSION

14   **A.    Legal Standard**

15       Under the Prison Litigation Reform Act of 1995, the Court is required to screen

16   complaints brought by prisoners seeking relief against a governmental entity or officer or

17   employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

18   complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

19   state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

20   who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

21   152 F.3d 1193 (9th Cir. 1998).

22       A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint, it

23   must nevertheless contain factual assertions sufficient to support a facially plausible claim for

24

1  relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550

2  U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual

3  content that allows the court to draw the reasonable inference that the defendant is liable for the

4  misconduct alleged." *Iqbal*, 556 U.S. at 678.

5        Having reviewed the Amended Complaint, the Court notes the following deficiencies.

6  **B.      Failure to State a Claim**

7        In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he

8  suffered a violation of rights protected by the Constitution or created by federal statute, and (2)

9  the violation was proximately caused by a person acting under color of state or federal law. *West

10  v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The

11  first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly

12  infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). A plaintiff must provide more than

13  conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft

14  v. Iqbal*, 556 U.S. 662, 678–83 (2009). To satisfy the second prong, a plaintiff must allege facts

15  showing how individually named defendants caused, or personally participated in causing, the

16  harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v.

17  IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

18        In the Amended Complaint, Plaintiff's allegations again are mere conclusory assertions.

19  Plaintiff cites a timeframe and alludes to situations or events in which his civil rights were

20  allegedly violated, but gives no details as to the violation(s). *See* Dkt. 7 at 5–6. To that point,

21  Plaintiff states "there is so much to report at this time, I'm completely overwhelmed," but

22  provides no further facts or information. *Id*. at 6.

23

24

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING SECOND LEAVE TO AMEND - 3

1        In addition, Plaintiff has named Kitsap County as a Defendant. Dkt. 7. A municipality or

2    other local governmental unit, such as a county or city, may be sued as a "person" under § 1983.

3    *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690–94 (1978). But a municipality cannot

4    be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to

5    impose § 1983 liability on a municipality must therefore identify a "policy" or "custom" of the

6    municipality that caused the alleged injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty., Okla. v.*

7    *Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

8        Here, in the Amended Complaint, Plaintiff has failed to identify a policy or custom of

9    Kitsap County that has caused his alleged injuries. To pursue a claim against Kitsap County or

10   any other municipality, he must identify a specific policy or custom practiced by that

11   municipality and explain how its application to him violated one or more of his federal

12   constitutional rights.

13       Plaintiff also names the State of Washington as a Defendant. Dkt. 7. Section 1983 applies

14   to the actions of "persons" acting under the color of state law. The State of Washington is not a

15   "person" for purposes of a § 1983 civil rights action, *Will v. Michigan Dep't. of State Police*, 491

16   U.S. 58, 65, 71 (1989), and cannot be sued under § 1983. Therefore, the State of Washington

17   should not be named as a Defendant in a second amended Complaint.

18       If Plaintiff chooses to file an amended complaint, he must set forth specific, plausible

19   facts to support each of his claims. He must explain how those facts support a violation of his

20   constitutional rights and specify when, where, and how any individual defendant personally

21   participated in causing his alleged injuries. Plaintiff must also ensure that any amended

22   complaint is a concise and organized document. *See* Fed. R. Civ. P. 8(a)(2) and (d)(1) (a

23

24

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING SECOND LEAVE TO AMEND - 4

1    complaint must provide a "short and plain statement of the claim" and "[e]ach allegation must be

2    simple, concise, and direct.").

3    **C.**    ***Younger* Abstention**

4         In his original Complaint, because of the lack of specificity, the Court was unable to

5    ascertain whether there was an issue arising under the doctrine set forth in *Younger v. Harris*,

6    401 U.S. 37 (1971). *See* Dkt. 6. Here, the claim asserted by Plaintiff in the Amended Complaint

7    appears to relate to evidence involved in his ongoing criminal proceedings. Dkt. 7. Generally,

8    federal courts will not intervene in a pending criminal proceeding absent extraordinary

9    circumstances where the danger of irreparable harm is both great and immediate. *Younger*, 401

10   U.S. at 45, 46. "[O]nly in the most unusual circumstances is a defendant entitled to have federal

11   interposition by way of injunction or habeas corpus until after the jury comes in, judgment has

12   been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764,

13   764–65 (9th Cir. 1972) (per curiam). *See also Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir.

14   1980).

15        Under *Younger*, abstention from interference with pending state judicial proceedings is

16   appropriate when: "(1) there is an ongoing state judicial proceeding; (2) the proceeding

17   implicates important state interests; (3) there is an adequate opportunity in the state proceedings

18   to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical

19   effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763,

20   765 (9th Cir. 2018) (alterations adopted) (citation and internal quotation marks omitted). Federal

21   courts, however, do not invoke the *Younger* abstention doctrine if there is a "showing of bad

22   faith, harassment, or some other extraordinary circumstance that would make abstention

23   inappropriate." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435

24

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING SECOND LEAVE TO AMEND - 5

1   (1982). Courts may *sua sponte* consider the propriety of a *Younger* abstention. *San Remo Hotel*

2   *v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998); *see Younger*, 401 U.S. at

3   40–41.

4        Here, Plaintiff is a pretrial detainee with ongoing state criminal proceedings, and those

5   proceedings implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986);

6   *Younger*, 401 U.S. at 43–44. Plaintiff alleges no facts to support the notion that he somehow is

7   unable to bring his constitutional claim in state court. Finally, it appears that the claim asserted

8   by Plaintiff, if considered here, could effectively enjoin the ongoing state judicial proceeding as

9   it pertains to the validity of the charges currently pending against him. Plaintiff has not identified

10  any extraordinary circumstances that warrant this Court's intervention in his ongoing criminal

11  proceedings. It thus appears that *Younger* abstention applies to Plaintiff's claim, and that Plaintiff

12  has therefore failed to state a claim upon which relief may be granted.

13  **D.     Leave to Amend**

14       Unless it is absolutely clear that no amendment can cure the defects of a complaint, a *pro*

15  *se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior

16  to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). At this

17  time, the Court finds Plaintiff should be afforded an opportunity to amend his Amended

18  Complaint to attempt to cure the deficiencies identified herein.

19                    **III.     CONCLUSION**

20       Because of the deficiencies described above, the Court declines to serve the Amended

21  Complaint or to direct that an answer be filed. Plaintiff is, however, **GRANTED leave to amend**

22  his Amended Complaint, if possible, to correct the identified deficiencies. Within **thirty (30)**

23  **days** from the date of this Order, Plaintiff may submit a second amended complaint that corrects

24

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING SECOND LEAVE TO AMEND - 6

1   the deficiencies outlined above. The second amended complaint must be filed under the same

2   case number as this one, and will operate as a complete substitute for, rather than a mere

3   supplement to, the present complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.

4   1992). **If no second amended complaint is timely filed, or if Plaintiff files a second amended**

5   **complaint that fails to correct the deficiencies identified herein, the Court may recommend**

6   **that this matter be dismissed.**

7           The Clerk is directed to send a copy of this Court's prisoner civil rights complaint form to

8   Plaintiff, as well as copies of this Order to Plaintiff and to the Honorable Kymberly K. Evanson.

9           Dated this 6th day of February, 2025.

10

11

12                              Grady J. Leupold
                               United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING SECOND LEAVE TO AMEND - 7