UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANNY JOE BARBER, III,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>KITSAP COUNTY SHERIFF'S DEPARTMENT,<br><br>　　　　　　　Defendant. | CASE NO. 3:24-cv-05863-KKE-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 30, 2025 |

This matter is before the Court on referral from the District Court. On September 25, 2024, Plaintiff Danny Joe Barber, III, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's Complaint under 28 U.S.C. § 1915A, identified deficiencies in the Complaint, and directed Plaintiff to file an amended complaint curing the deficiencies. Dkt. 6. On January 6, 2025, Plaintiff filed an Amended Complaint. Dkt. 7.

In an Order entered on February 6, 2025, the Court reviewed Plaintiff's Amended Complaint and found that the Amended Complaint remained deficient. Dkt. 8. As a result, the Court declined to serve the Amended Complaint and granted Plaintiff a second leave to amend his complaint within 30 days from the date of the Order. *See id*.

On February 24, 2025, the Court's Order mailed to Plaintiff was returned as undeliverable. Dkt. 9. However, Plaintiff's prisoner identification was updated by the Clerk of

Court and the Order was remailed to Plaintiff's new address. *See id*. On March 18, 2025, the Court's February 6, 2025, Order was again returned as undeliverable. *See* Dkt. 10.

On April 29, 2025, the Court issued an Order directing Plaintiff to update his address. Dkt. 11. The Court also informed Plaintiff that if he failed to notify the Court of his current mailing address by May 30, 2025, the undersigned would recommend dismissal of this action without prejudice. *See id*. To date, Plaintiff has failed to update his address. *See* Dkt.

Plaintiff has failed to comply with the Court's April 29, 2025, Order and Local Civil Rule 41(b)(2). He has not provided the Court with his current address. As Plaintiff has failed to respond to the Court's Order and prosecute this case, the Court recommends this case be **DISMISSED without prejudice**. Further, as Plaintiff has not prosecuted this case, the Court finds an appeal would not be taken in good faith.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on July 30, 2025, as noted in the caption.

Dated this 15th day of July, 2025.

Grady J. Leupold
United States Magistrate Judge